Per Curiam.

This is an action in mandamus originating in this court whereby relator, William Yitoratos, is seeking to compel respondent to act on a purported petition to vacate a sentence imposed upon relator by the Juvenile Court of Summit County.
There is no question in the present case that a purported petition has been filed. So much respondent admits. Respondent denies, however, that such paper is a petition but he has failed to make any ruling to that effect in the case before him.
The sole question is whether a court has a mandatory duty to act within a reasonable time on what purports to be a petition filed therein or whether the court may simply ignore the purported petition on the basis that the court may think it is improper. This is not a question of compelling a certain course of conduct or acts or a control of discretion but is rather merely a question of compelling a court to act, which is one of the fundamental purposes of mandamus. Although judicial discretion cannot be controlled by mandamus, the exercise of such discretion can be compelled. 35 Ohio Jurisprudence (2d), 370, Mandamus, Section 97; and 35 American Jurisprudence, 25, Mandamus, Section 254.
There is no question, except under specific statutory provisions providing for the advancement of cases, that a litigant must wait his turn on the trial docket for the disposition of his case. However, this is not the question. Here respondent has *221 failed to act not because tbe case was out of turn but because be believes tbat tbe purported petition is improper.
Relator bas bad wbat purports to be a petition pending in tbe court for over a year. In spite of requests by relator, tbe court bas failed to act tbereon because of its belief tbat tbe claimed petition does not constitute a petition. If tbe court is correct in that belief, it could readily dispose of tbe matter on its own motion. Under such circumstances, relator bas a clear legal right to some action by tbe court.

Writ allowed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.